UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CARBON MOTORS CORPORATION ) | CASE NO. 13-06115-JMC-7A |
| ) | |
| DEBTOR. ) | |
| _____ ) | |
| ) | ADV. PROCEEDING NO. |
| RICHARD E. BOSTON, as Trustee of the ) | _____ |
| Bankruptcy Estate of Carbon Motors ) | |
| Corporation ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM SANTANA LI aka ) | |
| WILLIAM S. LI aka WILLIAM LI ) | |
| ) | |
| Defendant. | |

**COMPLAINT TO AVOID AND TO RECOVER TRANSFERS**

Plaintiff, Richard E. Boston, Trustee for the Bankruptcy Estate of CARBON MOTORS CORPORATION, (the "**Trustee**"), by counsel, for the Trustee's *Complaint to Avoid and to Recover Transfers* against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, states as follows:

**INTRODUCTION**

1. Carbon Motors Corporation (the "**Debtor**"), filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 7, 2013 (the "**Petition Date**").

2. The Trustee is the duly appointed case trustee, pursuant to Bankruptcy Code section 702(d).

## JURISDICTIONAL ALLEGATIONS

3. This is an adversary proceeding to avoid and to recover transfers under Bankruptcy Code sections 547, 548 and 550, Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and the Indiana Uniform Fraudulent Transfer Act.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in the United States Bankruptcy Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1409.

6. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F).

7. Pursuant to Local Rule B-7008-1, the Trustee submits to the entry of final order and/or judgment by the Bankruptcy Judge.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

8. The Trustee incorporates and restates the allegations contained in the preceding paragraphs as if fully restated herein.

9. Upon information and belief, within ninety (90) days before the Petition Date, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI (the "**Defendant**"), received transfers of an interest of the Debtor in property in the total amount of $18,754.28 (collectively, the "**Transfers**"), detailed on Exhibit "1."

10. Upon information and belief, on or around March 25, 2013 the Defendant received check number 9002 from the Debtor's checking account ending #0093 in the amount of $10,000.00, which posted on April 2, 2013 . *See* Exhibit "1."

2

11. Upon information and belief, on or around March 25, 2013 the Defendant received check number 9003 from the Debtor's checking account ending #0093 in the amount of $7,724.23, which posted on April 2, 2013 . *See* Exhibit "1."

12. Upon information and belief, on or around March 26, 2013 the Defendant received check number 9006 from the Debtor's checking account ending #0093 in the amount of $1,034.05, which posted on April 2, 2013 . *See* Exhibit "1."

13. The Transfers were made–

   a. At a time when Defendant was a creditor of the Debtor within the meaning of Bankruptcy Code section 101(10)(A);

   b. For or on account of an antecedent debt owed by Debtor before each Transfers were made; and

   c. While Debtor was presumptively and actually insolvent.

14. The Transfers enabled Defendant to receive more than Defendant would have received if–

   a. The bankruptcy case were a case under Chapter 7 of the Bankruptcy Code;

   b. The Transfers had not been made; and

   c. Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. Trustee made demand for repayment of the Transfers; however, Defendant has either failed to respond with sufficient information or has refused Trustee's demand, a true and correct copy of Trustee's demand letters are attached hereto as Exhibit "2."

16. The Transfers constitute avoidable preferences and pursuant to Bankruptcy Code section 547(b), the Trustee is entitled to a judgment against Defendant avoiding the Transfers.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, on Count I as follows: (i) declaring that the Transfers are avoidable preferences pursuant to Bankruptcy Code section 547(b); and (ii) granting the Trustee all other just and proper relief.

## COUNT II
### (Avoidance of Transfers Pursuant to 11 U.S.C. § 548)

17. The Trustee incorporates and restates the allegations contained in the preceding paragraphs as if fully restated herein.

18. The Transfers were a transfer of interest of the Debtor in property, that was made or incurred on or within two (2) years before the date of the filing of the petition, the Debtor voluntarily or involuntarily:

    a. Made such transfers with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such Transfers were made, indebted; or

    b. Received less than a reasonably equivalent value in exchange for such Transfers; and

        I. Was insolvent on the dates that such Transfers were made or became insolvent as a result of such Transfers;

        ii. Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

4

        iii.      Intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

19. Pursuant to Bankruptcy Code section 548, the Trustee is entitled to a judgment against Defendant avoiding the Transfers.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, on Count II as follows:  (i) declaring that the Transfers are avoidable Bankruptcy Code section 548; and (ii) granting the Trustee all other just and proper relief.

## COUNT III
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a)(1))

20. The Trustee incorporates and restates the allegations contained in the preceding paragraphs as if fully restated herein.

21. The Defendant was the:

    a.    Initial transferee of the Transfers or the entity for whose benefit such transfer was made; or

    b.    The immediate or mediate transferee of the initial transferee or the person for whose benefit the Transfers were made.

22. The Transfers, to the extent they are avoided pursuant to Bankruptcy Code sections 547(b) or 548, may be recovered by the Trustee pursuant to Bankruptcy Code section 550(a)(1).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, on Count III as follows: (i) declaring that the Trustee may recover the Transfers

from the Defendant for the benefit of Debtor's estate pursuant to Bankruptcy Code section 550(a)(1); (ii) granting a judgment in favor of the Trustee in the aggregate amount of the Transfers plus all pre- and post-judgment interest that has accrued thereon since the date that the Trustee demanded the return of the Transfers to the date of payment and the costs of this proceeding; and (iii) granting the Trustee all other just and proper relief.

## COUNT IV
### (Indiana Uniform Fraudulent Transfers Act)

23. The Trustee incorporates and restates the allegations contained in the preceding paragraphs as if fully restated herein.

24. The Transfers were made or incurred on or within four (4) years before the Petition Date either:

    a. With actual intent to hinder, delay, or defraud creditors; or

    b. Without receiving a reasonably equivalent value in exchange for the Transfers; and

        i. While Debtor was engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; or

        ii. When Debtor intended to incur or believed or reasonably should have believed that Debtor would incur debts beyond its ability to pay as the debts became due.

25. In the alternative, the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers; and the Debtor was insolvent at that time or became insolvent as a result of the Transfers.

26. The Transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. §544 and I.C. §32-18-2-14, §32-18-2-15, and §32-18-2-17.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, on Count IV as follows:  (i) declaring that the Transfers are avoidable pursuant to I.C. §32-18-2-14, I.C. §32-18-2-15, I.C. §32-18-2-17 and 11 U.S.C. §544; and (ii) granting the Trustee all other just and proper relief.

## COUNT V
### (For Disallowance of Claims - Pursuant to 11 U.S.C. §§ 502(d) and 550)

27.    The Trustee incorporates and restates the allegations contained in the preceding paragraphs as if fully restated herein.

28.    Section 502(d) of the Bankruptcy Code provides that, unless an entity or transferee receiving payment that is avoidable under Sections 544, 547, or 548 of the Bankruptcy Code has paid the amount for which such entity is liable under Section 550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

29.    The Defendant was the:

    a.    Initial transferee of the Transfers or the entity for whose benefit such transfer was made; or

    b.    The immediate or mediate transferee of the initial transferee or the person for whose benefit the Transfers were made.

30.    Defendant has not paid or surrendered the Transfers to the Trustee.  Therefore, any claim which Defendant has filed in this case or otherwise asserts against the Debtor must be disallowed until such time that the Defendant pays to the Trustee an amount equal to the aggregate amount of all avoidable Transfers plus interest thereon and costs.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendant, WILLIAM SANTANA LI aka WILLIAM S. LI aka WILLIAM LI, on Count V as follows:  (i) disallowing any and all claims of Defendant against the Debtor's estate pursuant to Bankruptcy Codes sections 502(d) and 550; and (ii) granting the Trustee all other just and proper relief.

> Respectfully submitted,
>
> RUBIN & LEVIN, P.C.
> Attorneys for Trustee
>
> By: /s/ Elizabeth M. Lally
> Elizabeth M. Lally, Atty. No. 28278-49
> RUBIN & LEVIN, P.C.
> 500 Marott Center
> 342 Massachusetts Avenue
> Indianapolis, IN 46204
> (317) 860-2873--FAX (317) 453-8611
> elally@rubin-levin.net

EML/mkc    G:\WP80\TRUSTEE\Boston\Carbon Motors-85087501\Preferences\Li, William Santana - 85087516\Complaint\Complaint.wpd