# RUBIN & LEVIN
A Professional Corporation
LAWYERS
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300

Elizabeth M. Lally, Esq.
email: elally@rubin-levin.net
Direct Dial: (317) 860-2873
Fax No. (317) 453-8611

September 5, 2014

William Santana Li
1070 Terra Bella Ave. #C
Mountain View, CA 94043-1830

          **One Year Payment(s)**
      Re: CARBON MOTORS CORPORATION
         Bankruptcy Case No.: 13-06115-FJO-7A
         Our File No. 85087516

Dear Mr. Li:

  We represent Richard E. Boston, Chapter 7 Trustee for Carbon Motors Corporation ("Debtor"). The Debtor filed its voluntary petition under Chapter 7 of 11 U.S.C. § 101(a) et. seq. ("Bankruptcy Code") on June 7, 2013 (the "Petition Date"), and Richard E. Boston was appointed Chapter 7 Trustee ("Trustee").

  Bankruptcy law charges the Trustee with collecting and liquidating the assets of the Debtor for payment to creditors and/or "insiders" of the Debtor. In order to maximize the benefit to creditors, and reduce dissipation of a Debtor's assets, federal and state law empowers a Trustee to recover payments made by the Debtor within the four (4) years preceding the Petition Date, in certain situations.

  Specifically, where a debtor makes payments to someone (a) without receiving reasonably equivalent value in exchange for the payments and (b) while a debtor is insolvent or if debtor became insolvent as a result of the transfers, Ind. Code § 32-18-2-15 (2012) allows such transfers to be avoided and the Bankruptcy Code provides that the Trustee can recover such payments for distribution to creditors in accordance with the priorities of claims set forth in the Bankruptcy Code.

  According to the records of the Debtor in the above referenced bankruptcy case, Debtor made payment(s) of not less than $18,754.28 to you within one (1) year of the filing of the bankruptcy case.

  Please provide the Trustee with any and all documents you have reflecting how the above referenced payment(s) from the Debtor were applied, including, but not limited to, invoices, statements, correspondence, and account histories. These documents should include records preserved in any format, either electronic or on paper.

  If you have any questions regarding the Trustee's request herein, please let us know; otherwise, we should look forward to receiving the requested documents within thirty (30) days.

Case 14-50211   Doc 1-2   Filed 11/11/14   EOD 11/11/14 11:37:15   Pg 2 of 4

September 5, 2014
Page 2

                    Sincerely,

                    RUBIN & LEVIN, P.C.

                    Elizabeth M. Lally

EML/mkc
G:\WP80\TRUSTEE\Boston\Carbon Motors-85087501\Preferences\Li, William Santana - 85087516\demand ltr 2.wpd
Encl.

cc:    Richard E. Boston (via e-mail)
       Elliott D. Levin

Exhibit "2"
Page 2 of 4

## RUBIN & LEVIN
A Professional Corporation
LAWYERS
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300

Elizabeth M. Lally, Esq.
email: elally@rubin-levin.net
Direct Dial: (317) 860-2873
Fax No. (317) 453-8611

September 5, 2014

William Santana Li
455 W. Evelyn Ave. #2403
Mountain View CA 94041

                Re:   **One Year Payment(s)**
                       CARBON MOTORS CORPORATION
                       Bankruptcy Case No.: 13-06115-FJO-7A
                       Our File No. 85087516

Dear Mr. Li:

      We represent Richard E. Boston, Chapter 7 Trustee for Carbon Motors Corporation ("Debtor"). The Debtor filed its voluntary petition under Chapter 7 of 11 U.S.C. § 101(a) et. seq. ("Bankruptcy Code") on June 7, 2013 (the "Petition Date"), and Richard E. Boston was appointed Chapter 7 Trustee ("Trustee").

      Bankruptcy law charges the Trustee with collecting and liquidating the assets of the Debtor for payment to creditors and/or "insiders" of the Debtor. In order to maximize the benefit to creditors, and reduce dissipation of a Debtor's assets, federal and state law empowers a Trustee to recover payments made by the Debtor within the four (4) years preceding the Petition Date, in certain situations.

      Specifically, where a debtor makes payments to someone (a) without receiving reasonably equivalent value in exchange for the payments and (b) while a debtor is insolvent or if debtor became insolvent as a result of the transfers, Ind. Code § 32-18-2-15 (2012) allows such transfers to be avoided and the Bankruptcy Code provides that the Trustee can recover such payments for distribution to creditors in accordance with the priorities of claims set forth in the Bankruptcy Code.

      According to the records of the Debtor in the above referenced bankruptcy case, Debtor made payment(s) of not less than $18,754.28 to you within one (1) year of the filing of the bankruptcy case.

      Please provide the Trustee with any and all documents you have reflecting how the above referenced payment(s) from the Debtor were applied, including, but not limited to, invoices, statements, correspondence, and account histories. These documents should include records preserved in any format, either electronic or on paper.

      If you have any questions regarding the Trustee's request herein, please let us know; otherwise, we should look forward to receiving the requested documents within thirty (30) days.

**Exhibit "2"**
**Page 3 of 4**

September 5, 2014
Page 2

                Sincerely,

                RUBIN & LEVIN, P.C.

                Elizabeth M. Lally

EML/mkc
G:\WP80\TRUSTEE\Boston\Carbon Motors-85087501\Preferences\Li, William Santana - 85087516\demand ltr.wpd
Encl.

cc:    Richard E. Boston (via e-mail)
       Elliott D. Levin